IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Lois Johnson,                          :

       Plaintiff,                   :

    v.                                 :        Case No. 2:02-cv-195

Donald Rumsfeld, Secretary of :        MAGISTRATE JUDGE KEMP
the United States Department
of Defense,                            :

       Defendant.                   :


OPINION AND ORDER

    This action is before the Court on Defendant's motions *in
limine* to exclude evidence of both Ms. Johnson's prior litigation
with Rickenbacker Air National Guard Base and her claim of
constructive discharge and to limit the testimony of Dr. Louise
A. Douce.  For the following reasons Defendant's motion to
exclude evidence of the Rickenbacker litigation will be granted
in limited form.  The motions to exclude evidence of the
constructive discharge claim and to limit Dr. Douce's testimony
will be denied.

    The Court will analyze the motions in light of the three
claims remaining for trial: (1) age discrimination based on Ms.
Johnson's non-selection for the Employee Relations Specialist
position filled by Ms. Felumlee on September 17, 1995; (2)
retaliation based on Ms. Johnson's non-selection for the Employee
Relations Specialist position filled by Ms. Felumlee on September
17, 1995; and (3) retaliation based on Ms. Johnson's non-
selection for the Equal Employment Opportunity Officer position
filled by Ms. Rivera on June 2, 1996.

A. <u>Evidence of Prior Litigation</u>

Defendant moves to exclude evidence of Ms. Johnson's prior litigation with Rickenbacker Air National Guard Base.  Defendant claims that this evidence is not relevant to Ms. Johnson's claims of age discrimination based on the position filled by Ms. Felumlee and retaliation based on the position filled by Ms. Rivera.  Defendant further contends that the evidence has only a "tangential relationship" to Ms. Johnson's retaliation claim based on the position filled by Ms. Felumlee.  Defendant claims that there is not a causal connection between the litigation with Rickenbacker and the adverse employment actions at issue in this case.  In sum, Defendant claims that the evidence is not relevant and that even if it were, any probative value is outweighed by the potentially prejudicial effect.

On the other hand, Ms. Johnson claims that the evidence is relevant because it is direct evidence of retaliation by a supervisor at the DFAS, Mahlon Boyer, who knew about the Rickenbacker litigation.  Ms. Johnson claims that continually since the day she arrived at the DFAS Mr. Boyer made statements like: "anybody who files complaints, their career is over." Johnson Depo. at 32.  Also, Ms. Johnson contends that he "more or less told [her] that [she] needed to quit filing complaints . . . [t]hat [she] was not being loyal because of that." <u>Id</u>. at 81.

The first question before the Court is whether evidence of the Rickenbacker litigation is relevant to Ms. Johnson's claims. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

Ms. Johnson's claims of retaliation are based in part on the above statements made by Mr. Boyer.  As explained in the February 17, 2005 Order, there is a question of fact concerning Mr.

2

Boyer's involvement in selecting employees to fill open positions at issue and whether he had influence over the decision makers. If he were involved in or had influence over the decision makers, then the fact of Ms. Johnson's involvement in the Rickenbacker litigation and Mr. Boyer's knowledge of and feelings about that involvement are relevant.  Thus, the Court concludes that evidence of the Rickenbacker litigation is relevant to Ms. Johnson's retaliation claims.

The Court now turns to the question of the potential for unfair prejudice to the jury as a result of introducing this evidence.  Under Fed. R. Evid. 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Defendant claims that the evidence would be unfairly prejudicial because the litigation involved Ms. Johnson's dismissal from employment following a physical assault by a co-worker.  At her deposition, when asked to recount the events giving rise to the suit, she explained that "I had my - a hole kicked in my office door and I was held inside of that room and I had my feet stomped (crying) . . . I was hit and knocked up against the wall."  February 18, 2004 Johnson Depo. at 218. Defendant contends that if the jury were to hear this evidence they would "undoubtedly sympathize with her and lose sight of the actual issues and claims before them in the present case." Defendant's Motion Regarding Prior Litigation at 6.

In response to Defendant's motion, Ms. Johnson seems to acknowledge the potential for unfair prejudice if the jury hears about the details of the events giving rise to the Rickenbacker litigation.  In fact, Ms. Johnson explains that at trial she does not intend to go into specifics about the action against

3

Rickenbacker, other than to explain that it was an action based on discriminatory conduct.  She also has indicated her willingness to limit the use of any documents introduced related to the Rickenbacker litigation such that details of the discriminatory events would be excluded.  <u>See</u> Plaintiff's Response Regarding Prior Litigation at 3.

The Court concludes that there is a potential for unfair prejudice resulting from revealing the details of the events giving rise to the Rickenbacker litigation and that these facts have only limited probative value.  However, the fact of the litigation is probative and relevant to Ms. Johnson's claims. Therefore, the Court will grant Defendant's motion to exclude evidence of the Rickenbacker litigation but only to the extent that Ms. Johnson shall be precluded from introducing evidence, either documentary or testimonial, which reveals the underlying details of the Rickenbacker litigation.  Ms. Johnson shall be permitted to explain in general that the litigation was based on discriminatory conduct, the outcome of the litigation, and the response of the DFAS employees who knew about the litigation.

### B. <u>Evidence of Constructive Discharge</u>

Defendant moves to exclude evidence of Ms. Johnson's claim of constructive discharge.  This claim involves Ms. Johnson's assertion that Mr. Boyer lied to her in order to force her to retire when he told her that GS-11 positions were being eliminated and that if she did not retire, she would not have a job at the DFAS.  Defendant explains that this claim was dismissed by the Court's February 17, 2005 Order, and thus, it is not relevant.  Further, Defendant claims that the evidence should be excluded under Fed. R. Evid. 403 because it would serve only to confuse the issues.

On the other hand, Ms. Johnson claims that the facts underlying her constructive discharge are admissible under Fed.

R. Evid. 404(b) as evidence of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." She claims that evidence that Mr. Boyer lied to her in order to force her to retire is probative of his intent to discriminate against her in promotional opportunities.

As Defendant points out, in the February 17, 2005 Order, the Court held as a matter of law that there was not sufficient evidence to show that Ms. Johnson had been constructively discharged. Thus, she will not be permitted to argue a claim of constructive discharge at trial.

Regarding Mr. Boyer's statement, Ms. Johnson has not provided the context in which she intends to use it. She states only that it will serve as evidence of Mr. Boyer's intent to discriminate against her in promotional opportunities. <u>See</u> Fed. R. Evid. 404(b). After considering Mr. Boyer's statement, the Court has made two conclusions with respect to its potential use at trial. First, the comment might be used to support Ms. Johnson's claim of retaliation by showing that Mr. Boyer had a general pattern of treating Ms. Johnson wrongly. <u>See</u> Fed. R. Evid. 406. Thus, it may have some relevance to the issues.

But, even if used for a proper purpose, the statement might tend to confuse the issues. Although the Court has concluded that Ms. Johnson did not present sufficient evidence to show that she was constructively discharged, the jury might improperly draw that conclusion based on Mr. Boyer's statement. Therefore, it appears that this statement should be excluded under Fed. R. Evid. 403. However, because the Court cannot conclusively find that the statement will be used improperly at trial, Defendant's motion to exclude it will be denied. At trial, before this evidence is presented, counsel for Ms. Johnson shall request a conference with the Court to explain how he intends to use the statement and to obtain a ruling on its admissibility.

5

C. <u>Testimony of Dr. Douce</u>

Defendant moves to limit the testimony of Dr. Douce to preclude her from testifying about the medical causes of Ms. Johnson's psychological injuries and physical ailments allegedly stemming from her employment at the DFAS.  Defendant claims that Dr. Douce does not qualify as an expert, her proposed testimony lacks the requisite reliability, and the probative value of her testimony is outweighed by the danger of unfair prejudice.

On the other hand, Ms. Johnson claims that Dr. Douce should be permitted to testify about medical causation because she is a well-qualified psychologist and that psychologists are permitted to testify about the causal link between a plaintiff's emotional injuries and a defendant's actions.

Regarding whether Dr. Douce is qualified as an expert, as set forth in her curriculum vitae, she earned a doctorate degree in counseling from the University of Minnesota in 1977 and has served as a licensed psychologist at the Ohio State University Counseling and Consultation Service from 1978 to the present. She has published a number of articles on and made numerous presentations about counseling issues.  <u>See</u> Exhibit to Plaintiff's Response to Defendant's August 10, 2004 Motion for Summary Judgment.  Therefore, as a result of her education and work experience, the Court concludes that Dr. Douce is qualified as an expert.  <u>See</u> Fed. R. Evid. 702 (providing for testimony of "a witness qualified as an expert by knowledge, skill, experience, training, or education").

Regarding the reliability of her testimony, Fed. R. Evid. 702 permits an expert to testify "in the form of an opinion or otherwise[] if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."  In <u>Daubert v.</u>

Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993), the Court
explained that Rule 702 requires district courts to ensure "that
an expert's testimony both rests on a reliable foundation and is
relevant to the task at hand." Id. at 597. The Sixth Circuit
Court of Appeals endorses a broad interpretation of the Rule 702
requirements. See Morales v. American Honda Motor Co., Inc., 151
F.3d 500, 516 (6th Cir. 1998).

Defendant claims that Dr. Douce is not qualified to testify
as to the medical causation of Ms. Johnson's psychological
injuries and physical ailments allegedly stemming from her
employment at the DFAS. Defendant relies on Edmonds v. Illinois
Central Gulf Railroad Co., 910 F.2d 1284 (5th Cir. 1990) in
support of this conclusion. In Edmonds, the court pointed out
that because a psychologist is not a medical doctor, he is not
within his field of expertise to testify as to the medical cause
of a physical ailment. See id. at 1287.

Regarding Ms. Johnson's psychological injuries, first the
Court concludes that her testimony is based on sufficient facts
in that she claims to have treated Ms. Johnson from the time of
her suit against Rickenbacker to the present, including the time
of Ms. Johnson's employment with the DFAS. See Plaintiff's
Response to Defendant's Motion Regarding Limiting Dr. Douce's
Testimony at Ex. A, Douce Supp. Aff. ¶2. Second, psychologists
are qualified to testify as to a plaintiff's emotional injuries
as well as the causal link between the injuries and a defendant's
actions. See Rogers v. Detroit Edison Co., 328 F.Supp.2d 687,
692 (E.D. Mich. 2004); Webb v. Hyman, 861 F.Supp. 1094, 1115
(D.D.C. 1994). Finally, Dr. Douce explains that she reached her
conclusions based on both what Ms. Johnson told her and Ms.
Johnson's symptoms. See Douce Aff. ¶3. These conclusions are
based on her over 20 years experience as a licensed psychologist.
Thus, Dr. Douce satisfies the requirements of Rule 702 to testify

as an expert as to Ms. Johnson's psychological injuries.  Because
her psychological injuries are central to her case, the probative
value of Dr. Douce's testimony is not outweighed by the potential
for prejudice.

Regarding Ms. Johnson's physical ailments, she claims to
suffer from Irritable Bowel Syndrome as a result of her
employment with the DFAS and Defendant's conduct.  As Defendant
points out, Dr. Douce is not a medical doctor, therefore, she is
not qualified to testify as to the medical causes of IBS.  See
Edmonds, 910 F.2d at 1287.  But, it does not seem that Dr. Douce
will be called to testify as to the medical cause.  In fact, she
explains that she did not make the medical diagnosis regarding
Ms. Johnson's condition.  Rather, she learned about it from Ms.
Johnson's treating physician.  Dr. Douce claims to have diagnosed
only the psychological component of the condition.
See Plaintiff's Response to Defendant's Motion Regarding Limiting
Dr. Douce's Testimony at Ex. A, Douce Supp. Aff. ¶3.

Review of the information from the Mayo Clinic website
submitted by Ms. Johnson and also relied on by Defendant reveals
that stress can be a trigger of IBS.  See Plaintiff's Response to
Defendant's Motion Regarding Limiting Dr. Douce's Testimony at
Ex. B at p.2; Defendant's Motion Regarding Limiting Dr. Douce's
Testimony at 4 n.1.  As a psychologist, Dr. Douce may be
qualified to testify about the psychological component of IBS.
See Jenson v. Eveleth Taconite Co., 130 F.3d 1287, 1298 (8th Cir.
1997) (acknowledging the probative value of expert psychological
proof about a plaintiff's depression and emotional distress).
Thus, Defendant's motion to limit Dr. Douce's testimony will be
denied.  However, at trial, counsel for Defendant may object to
any of Dr. Douce's testimony that is outside of her area of
expertise as established at trial by counsel for plaintiff.

Based on the foregoing, Defendant's motion to exclude

8

evidence of the Rickenbacker litigation (file doc. #79) is
GRANTED IN LIMITED FORM.  Defendant's motions to exclude evidence
of the constructive discharge claim (file doc. #80) and to limit
Dr. Douce's testimony (file doc. #81) are DENIED.


                             /s/ Terence P. Kemp
                             United States Magistrate Judge