IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Lois Johnson,                    :

        Plaintiff,               :

    v.                           :    Case No. 2:02-cv-195

Donald Rumsfeld, Secretary of :       MAGISTRATE JUDGE KEMP
the United States Department
of Defense,                      :

        Defendant.               :


OPINION AND ORDER

        This action is before the Court on Defendant's motions *in
limine* to exclude the testimony of Beverly Kool-Tucker, Donald
Wagner, and Renee Quinn.  Also pending is Ms. Johnson's request
for a hearing regarding Ms. Quinn's testimony.  For the following
reasons, Ms. Johnson's request for a hearing and Defendant's
motions to exclude Mr. Wagner's and Ms. Quinn's testimony will be
denied.  Defendant's motion to exclude Ms. Kool-Tucker's
testimony will be granted.

A. Ms. Kool-Tucker's Testimony

        Defendant moves to exclude Ms. Kool-Tucker's testimony.
Defendant claims that her testimony is not relevant because it
concerns the circumstances surrounding her termination which
occurred after Ms. Johnson retired from the DFAS.  Further,
Defendant claims that the testimony is improper because it would
be used only to prove that Mr. Boyer acted in conformity with his
character and that any probative value is outweighed by the
prejudicial effect.  On the other hand, Ms. Johnson claims that
the testimony is relevant because Ms. Kool-Tucker claims that she

1

was retaliated against by Mr. Boyer and that such testimony is permissible to show Mr. Boyer's intent.

Ms. Kool-Tucker began her employment at the DFAS in 1999, two years after Ms. Johnson retired. Ms. Kool-Tucker will testify that while employed at the DFAS, she was discriminated against and her employment terminated on the basis of her disability (post-traumatic stress disorder) and sexual orientation. During the administrative proceeding in which Ms. Kool-Tucker appealed her termination, she alleged that Mr. Boyer had told her in November 2000 that he did not think she was fit to be employed by the federal government and that he would do everything he could to get her fired. See Defendant's Motion To Exclude Ms. Kool-Tucker's Testimony at Exh. A, Decision of the Merit Systems Protection Board p.11. Based on the administrative proceeding, Ms. Kool-Tucker was reinstated to the DFAS. Allegedly, after she was reinstated, Mr. Boyer retaliated against her because she had raised a claim of discrimination against him. Apparently, this retaliation ended in Mr. Boyer's terminating her employment again.

The question before the Court is whether this evidence is relevant to Ms. Johnson's claims. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Ms. Kool-Tucker's allegation that Mr. Boyer made the statement about getting her fired and that he retaliated against her is based on conduct that occurred at least three years after Ms. Johnson retired from the DFAS. Ms. Johnson has offered no evidence of like conduct by Mr. Boyer or by any other DFAS supervisor that would bridge the gap between when Mr. Boyer allegedly discriminated and retaliated against her and when he

allegedly discriminated and retaliated against Ms. Kool-Tucker. Given the passage of time and the lack of evidence to bridge the gap, the Court concludes that the evidence is not particularly relevant.  See Fornicoia v. Haemonetics Corp., 131 Fed. Appx. 867, 872 (3rd Cir. 2005).

Further, any probative value that the testimony might have is outweighed by the danger of unfair prejudice and confusion of the issues under Fed. R. Evid. 403 given that the jurors will be called upon essentially to adjudicate Ms. Kool-Tucker's unproved retaliation claim. Therefore, Defendant's motion to exclude Ms. Kool-Tucker's testimony will be granted.

B. Mr. Wagner's Testimony

Defendant moves to exclude Mr. Wagner's testimony. Defendant claims that the testimony will improperly be introduced to show Mr. Boyer's character and his acts in conformity with that character.  Further, Defendant claims that the probative value of this testimony is outweighed by the danger of unfair prejudice.  On the other hand, Ms. Johnson claims that Mr. Wagner's testimony will properly be introduced to show that Mr. Boyer had a pattern of treating Ms. Johnson wrongly.

Mr. Wagner investigated one of Ms. Johnson's charges filed with the Equal Employment Opportunity office.  During the course of this investigation, he interviewed one of Ms. Johnson's supervisors, Mahlon Boyer.  Ms. Johnson will call Mr. Wagner to testify as to what Mr. Boyer told him during this interview. According to Mr. Wagner, Mr. Boyer told him that when Rickenbacker closed and he heard that Ms. Johnson was on the priority placement list for one of the positions available at the DFAS, he felt that she did not have the qualifications necessary to perform that position and he challenged being required to place her in that position.  This testimony contradicts Mr. Boyer's later deposition testimony in which he stated that Ms.

Johnson was qualified for the position. Ms. Johnson contends that Mr. Boyer knew that she was qualified for the position but claimed that she was not qualified in an attempt to avoid placing her at the DFAS because he disapproved of her lawsuit against Rickenbacker.

Mr. Wagner's testimony about his investigation of one of Ms. Johnson's EEO charges is relevant to the claims at issue given that Ms. Johnson's filing of EEO charges and the substance of those charges is at the heart of her retaliation claims. It appears that Ms. Johnson properly intends to introduce Mr. Wagner's testimony to show Mr. Boyer's intent to retaliate against her, see Fed. R. Evid. 404(b), and his pattern of treating her wrongly, see Fed. R. Evid. 406. Thus, this evidence is probative of Ms. Johnson's claims.

Regarding unfair prejudice under Rule 403, the Court can find no prejudice apart from that which normally arises when a witness has made allegedly inconsistent statements. Thus, the probative value of Mr. Wagner's testimony is not outweighed by the danger of unfair prejudice. Therefore, Defendant's motion to exclude Mr. Wagner's testimony will be denied.

### C. Ms. Quinn's Testimony

Defendant moves to exclude Ms. Quinn's testimony. Defendant claims that her testimony is not probative because in a recent declaration she disavowed the statements made in a prior affidavit. On the other hand, Ms. Johnson contends that there is a question of fact as to whether the affidavit or the declaration is truthful. Ms. Johnson requests a hearing to determine why Ms. Quinn changed her testimony.

In the affidavit dated October 11, 2004, Ms. Quinn stated that she worked in the human resources office at the DFAS from 1989 to 1996 or 1997. See Defendant's Motion to Exclude Ms. Quinn's Testimony at Exh. 2, Quinn Aff. ¶1. While she worked in

4

the human resources office, Mr. Boyer was "in charge" and she filed grievances about her employment evaluations.  In response to these grievances, Mr. Boyer allegedly told Ms. Quinn that employees "should not rock the boat; that if [they] caused trouble, [they] would not get anywhere at DFAS; and that if [they] didn't like working there, [they] should look for a job elsewhere."  Id. at ¶4.  In the declaration executed on July 8, 2005, Ms. Quinn states that she was not the author of the October 11, 2004 affidavit that she signed.  See Defendant's Motion to Exclude Ms. Quinn's Testimony at Exh. 1, Quinn Decl. ¶4.  She explains that she does not know that Mr. Boyer complained about the grievances she filed and that she does not remember hearing Mr. Boyer say the statements attributed to him in the affidavit. She contends that the content of ¶4 of the affidavit is information that Ms. Johnson told her that Mr. Boyer said.  See id. at ¶7.

     The Court first turns to the question of whether Ms. Quinn's testimony is relevant.  Other employees' testimony about their treatment by their employer under similar circumstances and close in time to the facts giving rise to the plaintiff's claims against that employer is relevant to the question of the employer's discriminatory intent.  See Brillhart v. Philips Electronic North America Corp., 938 F.Supp. 742, 747 (D.N.M. 1996).  Here, Ms. Quinn's testimony may be relevant given that she alleges that Mr. Boyer made statements to her similar to those he allegedly made to Ms. Johnson.  However, there is no indication as to when Mr. Boyer allegedly made these statements to Ms. Quinn.  Ms. Quinn started working at the DFAS in 1989. Ms. Johnson did not begin working there until December 1993, which is the time Mr. Boyer first made these types of comments to Ms. Johnson.  If Mr. Boyer made the statements to Ms. Quinn early in her employment, it may not be probative because it would not

be proximate in time to when Mr. Boyer made like statements to Ms. Johnson.  Thus, a determination as to the probative value of Ms. Quinn's testimony cannot be made until the timing of Mr. Boyer's comments is established at trial.

Further, regarding prejudice under Fed. R. Evid. 403, such a determination cannot be made until it is known how Ms. Quinn will testify.  At this point, the Court cannot conclusively find that the testimony is not probative or that it is unfairly prejudicial.  Therefore, Defendant's motion to exclude it will be denied.  However, counsel may raise objections to the testimony at trial if it becomes appropriate.

With respect to Ms. Johnson's request for a hearing to determine why Ms. Quinn changed her testimony, absent a subpoena having been issued, Ms. Quinn cannot be required to appear in court.  Therefore, the request for a hearing is denied.  Should counsel choose to subpoena Ms. Quinn and to call Ms. Quinn to the witness stand, he may raise with her the issue of her inconsistent testimony, and may, if appropriate, request to have her examined on that issue outside the presence of the jury.

Based on the foregoing, Ms. Johnson's request for a hearing regarding Ms. Quinn's testimony is DENIED.  Defendant's motion to exclude Ms. Kool-Tucker's testimony (file doc. #85) is GRANTED.  Defendant's motions to exclude Mr. Wagner's testimony (file doc. #86) and Ms. Quinn's testimony (file doc. #87) are DENIED.


/s/ Terence P. Kemp
United States Magistrate Judge